**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO A. SURIANO,

    Plaintiff,

    v.

POSTMASTER GENERAL,

    Defendants.
_____/

No. C 05-1319 PJH

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

    Defendant's motion for judgment on the pleadings, or in the alternative, motion for summary judgment, came on for hearing before this court on November 2, 2005. Plaintiff Eduardo A. Suriano did not appear, and defendant John E. Potter, Postmaster General of the United States, appeared by his counsel, Assistant United States Attorney Chinhayi J. Coleman.

**INTRODUCTION**

    Plaintiff was formerly employed by the United States Postal Service. He was terminated from his employment effective April 4, 2003, for irregular attendance and absence without leave. On April 3, 2004, he filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"), alleging that he had been fired, harassed, denied accommodation, and denied family or medical leave by his former supervisor, in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12962. Plaintiff requested issuance of an immediate right-to-

1 sue notice.

2 The form that plaintiff used to file the administrative charge states, above his signature,

> I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH 'Notice of Case Closure,' or within 300 days of the alleged discriminatory act, whichever is earlier.

6 On April 12, 2004, DFEH issued plaintiff a notice of case closure and notice of right to sue.

7 Plaintiff filed this action on March 31, 2005, alleging unlawful termination of
8 employment and discrimination on the basis of "mental health condition." The complaint
9 alleges that the action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII")
10 42 U.S.C. § 2000e, et seq. Because the plaintiff alleges discrimination on the basis of
11 disability, the court interprets the complaint as also asserting a claim under the Rehabilitation
12 Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791, et seq.

13 Defendant now seeks judgment on the pleadings, or in the alternative, summary
14 judgment.

## DISCUSSION

16 A.   Legal Standard

17 Summary judgment is appropriate when there is no genuine issue as to material facts
18 and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material
19 facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477
20 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient
21 evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The court may
22 not weigh the evidence, and is required to view the evidence in the light most favorable to the
23 nonmoving party. Id. at 248.

24 A party seeking summary judgment bears the initial burden of informing the court of the
25 basis for its motion, and of identifying those portions of the pleadings and discovery
26 responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v.
27 Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at
28 trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for

the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. Anderson, 477 U.S. at 250.

B.  Defendant's Motion

Defendant argues that judgment must be entered in favor of the Postal Service with regard to plaintiff's Title VII claim, because he failed to exhaust administrative remedies. Specifically, defendant contends that plaintiff never contacted an EEO counselor at the Postal Service concerning his allegations of discrimination. Thus, defendant asserts, the court lacks subject matter jurisdiction over plaintiff's claims. Plaintiff filed no opposition to the motion.

Before a federal employee can pursue a civil action for employment discrimination in district court, he must take several other actions. First, he must initiate contact with an EEO Counselor within 45 days of the effective date of the alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1). Second, within 15 days of receiving a notice of final interview informing him that his claim was not resolved in the counseling stage, he must file a formal administrative EEO complaint. 29 C.F.R. § 1614.105(d). An employee has 90 days from the date of receipt of the agency's final decision, or 180 days from the date of filing the EEO complaint if their has been no final agency decision within that time, to file a civil action in district court. 29 C.F.R. § 1614.407.[1]

In the present case, plaintiff's employment was terminated effective April 4, 2003. He then had 45 days from that date – until May 19, 2003, to seek EEO counseling. However, defendant provides evidence showing that plaintiff never sought EEO counseling and never filed an EEO complaint with the Postal Service. Thus, he failed to exhaust administrative remedies. A Title VII lawsuit filed before a claim is filed with the EEOC is barred and subject to dismissal for lack of subject matter jurisdiction. See Equal Employment Opportunity

---

[1] The same requirements apply with regard to claims brought by federal employees under the Rehabilitation Act. See Leong v. Potter, 347 F.3d 1117, 1121-22 (9th Cir. 2003).

Commission v. Farmers Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994). The filing of an administrative charge with DFEH cannot substitute for the administrative actions required under Title VII.

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS defendant's motion. Plaintiff's action is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: November 2, 2005.

_____
PHYLLIS J. HAMILTON
United States District Judge